IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40389
Summary Calendar
_____

SHARON P JOHNSON,

Plaintiff-Appellant,

v.

EAST TEXAS LEGAL SERVICE INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(5:93 CV 117)
_____
July 23, 1996

Before KING, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sharon P. Johnson appeals the district court's granting of summary judgment in favor of East Texas Legal Services ("ETLS") on her claim of race discrimination.  We affirm.


**I. FACTUAL AND PROCEDURAL BACKGROUND**

Johnson brought this Title VII action against ETLS, alleging discrimination on the basis of her race.  She claims that she was paid inequitable wages and denied training because she is

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

African-American.

When Johnson was promoted from her position as Assistant to the Managing Attorney to her present position as Pro Bono Coordinator, her salary was increased from $22,525 to $23,375 -- an increase of $1,350.  Four years later, when Debbie Salter, a Caucasian woman, was promoted from Legal Secretary to Pro Bono Coordinator, her salary was increased from $18,700 to $23,900 -- a much larger salary increase ($5,200) than Johnson had received.

Later, Johnson and a Caucasian woman requested permission to attend a Pro Bono Conference in Missouri.  Both were denied approval to attend this conference.  In addition, Johnson was not selected to attend a computer training session for case-handling staff.  All case-handlers, Caucasian and African-American, were selected to attend this training session.  Johnson was not a case-handler.  Johnson claims that she was denied training requests on several other occasions, but none is documented in the record.

Because Johnson offered no evidence that the explanations offered by ETLS were either untrue as a matter of fact or a mere pretext for illegal discrimination, the trial court determined that ETLS's treatment of Johnson was not racially motivated. Concluding that there were no questions of fact to be presented to a jury, the court granted ETLS's motion for summary judgment. Johnson timely appealed.

## II. DISCUSSION

This court reviews the granting of summary judgment by the trial court de novo and uses the same standards as the trial court in determining whether summary judgment was appropriate. A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the burden of establishing that there are no genuine issues of material fact. Lockart v. Kobe Steel Ltd. Const. Machinery Div., 989 F.2d 864, 868 (5th Cir. 1993). If the movant satisfies its initial burden of demonstrating the absence of a material fact issue, the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it wil bear the burden of proof at trial. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). In determining whether there is an issue of material fact, we review the evidence bearing on the issues, viewing the facts and inferences drawn therefrom in the light most favorable to the non-moving party. Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994). However, a party opposing a summary judgment motion may not rest upon mere allegations contained in his pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-57

3

(1986).

In the absence of direct evidence of discrimination, a plaintiff can establish a prima facie case of disparate treatment in terms and conditions of employment by showing (1) that she is a member of a protected class, (2) that she suffered adverse treatment in the terms and conditions of her employment, and (3) that similarly situated employees outside the protected class were treated differently. Cf. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995)("In work-rule violation cases, a Title VII plaintiff may establish a prima facie case by showing 'either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly.'"). Once a prima facie case has been established, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its employment decision. Mayberry, 55 F.3d at 1089. If that is done, the burden then shifts back to the plaintiff to demonstrate that the defendant's proffered reasons were a pretext for discrimination. Id.

In this case, ETLS concedes that Johnson was given a smaller raise than Salter and "denied" training. However, ETLS explained that Salter was promoted from a lower position than was Johnson and that, according to the salary schedule and policy manual, a larger promotion requires a larger raise in pay.[1] ETLS demonstrated that the pay raises were not arbitrarily determined

---

[1]We note that Johnson was, and continues to be, the highest paid Pro Bono Coordinator.

4

at the discretion of the Executive Director, but computed with the formula required by the collective bargaining agreement between ETLS and the Union.   ETLS also presented non-discriminatory reasons for its training decisions.  Johnson was not included in the computer training session for case-handlers because she is not a case-handler.  She was not sent to the Pro-Bono Conference because ETLS chose not to send <u>any</u> employees to the conference.  Thus ETLS has met its burden to articulate legitimate, non-discriminatory reasons for its actions.

Johnson offered no evidence that the explanations offered by ETLS were either untrue as a matter of fact or mere pretext for illegal discrimination.  Johnson's affidavit does no more than reiterate the allegations in her complaint.  Her attachments are equally conclusory.  Johnson's statement that ETLS was "taking care of" the Caucasian employee is a conclusory assertion that, without more, carries no legal weight.  Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment. <u>Lechuga v. Southern Pacific Transp. Co.</u>, 949 F.2d 790, 798 (5th Cir. 1992).  Among Johnson's attachments was a deposition by Darrell Thomas, a member of the ETLS Board.  At most, Thomas's deposition suggests that Johnson was not given a raise that she deserved; it does not support an inference that any unfairness was due to racial discrimination.

Additionally, Johnson suggests that because ETLS never

5

denied her charges of discrimination prior to filing its answer to her complaint, its silence should be automatically considered an adoption of her assertions.  However, failure to contest an assertion is evidence of acquiescence only if it is natural under the circumstances to object.  <u>Southern Stone Co., Inc. v. Singer</u>, 665 F.2d 698, 703 (5th Cir. 1982).  The circumstances in this case do not give rise to the inference that the Defendants conceded discrimination.

Accordingly, we find that Johnson failed to show specific facts demonstrating that there is a genuine issue of material fact for trial.  Therefore, we conclude that the trial court did not err in granting summary judgment in favor of ETLS.

**III. CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.